IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:20cv355-GCM

| | |
|---|---|
| GARY WAYNE HEARN,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )  **MEMORANDUM AND ORDER**<br>) |
| ANDREW M. SAUL,<br>**Commissioner of Social<br>Security Administration,**<br>    Defendant. | )<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Doc. No.19) and Defendant's "Motion for Summary Judgment" (Doc. No. 21), as well as the parties' briefs and exhibits.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 24, 2020. He assigns error to the Administrative Law Judge's reliance on the Vocational Expert's testimony.

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[1] The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (Doc. No. 19) is **DENIED**; Defendant's "Motion for Summary Judgment" (Doc. No. 21) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: September 29, 2021

Graham C. Mullen
United States District Judge

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

Case 3:20-cv-00355-GCM   Document 24   Filed 09/29/21   Page 3 of 3